DIMOTSIS v. WACO MILL & ELEVATOR CO. (No. 8018.)

Court of Civil Appeals of Texas. San Antonio. Oct. 3, 1928.

J. D. Todd, of Corpus Christi, for appellant.

E. T. Simmang, Jr., of Corpus Christi, for appellee.

SMITH, J. On November 9, 1926, the Waco Mill & Elevator Company purchased from a bankrupt estate a bakery plant, which was located and had formerly been operated in a building situated in Corpus Christi, and owned by George Dimotsis. Upon purchasing the plant, the mill and elevator company rented said premises from Dimotsis for the balance of the month of November, 1926. In renting the premises to the mill and elevator company, Dimotsis reserved the right to make improvements and remodel the building during the 21 days' tenancy of the mill and elevator company. Dimotsis availed himself of this privilege and did make some changes in the building, but in a "different manner than he had represented to the tenant that he would do," thus rendering the premises "unfit" for the tenant's purposes. The jury found that the landlord's workmen did not use ordinary care in protecting the tenant's bakery plant while remodeling the building. The mill and elevator company vacated the premises at the end of the rent period, and subsequently brought this suit against Dimotsis for damages, all elements of which were eliminated upon the trial, except the expenses incurred by the tenant in moving its plant from the Dimotsis premises to another location. The jury found that these expenses aggregated the sum of $500, for which judgment was rendered in favor of the mill and elevator company against Dimotsis, who has appealed.

We have concluded that the judgment cannot stand. Appellee based its suit upon the existence of a lease beyond the month of November, and a consequent wrongful eviction based upon the claim that appellant so remodeled the building as to render it untenable for further occupancy as a bakery. But the jury's finding that the rent period expired with November, and that appellant had the right to remodel the building during that period, destroys appellee's contention. Appellee purchased the bakery plant while it was idle, and did not undertake or expect to operate it in that location, but sought only to sell it to others before its removal.

In this situation the landlord owed the tenant the duty only to so conduct himself as not to injure the latter's property while it was on the rented premises. The jury found that the landlord's workmen did not use ordinary care to so protect appellee's property, but did not find that appellee was injured, or the amount of any damage, occasioned by that negligence, thus eliminating the issue from the case.

The only damage found by the jury was the sum of $500, ascertained in response to this special issue:

"What do you find to be the amount of expenses the Waco Mill & Elevator Company was put to in moving its property out of defendant's premises and placing and relocating same in the Kaffie building in Corpus Christi?

"In this connection you are instructed that such expenses as above inquired into include all expenses sustained in taking property apart to move the same out of the premises, if such was done, and the cost of moving the same, and the cost of setting up and reconnecting the same in as good a condition as the same was in at the time the defendant, George Dimotsis, entered the rented premises to make the said improvements, together with all other necessary and similar expenses which plaintiff was put to and sustained, if any, by virtue of having to move the said property. Answer in dollars and cents."

Clearly, damages found under this submitted issue cannot be sustained. In the first place, this element of damages is found upon the assumption of a wrongful eviction, which is not in the case. Nor was the ordinary expense of moving properly chargeable against appellant, for in every event under the case made such expense should have been borne by appellee.

Appellant contends that judgment should be rendered by this court in his favor, but we conclude this cannot properly be done. The pleadings and evidence raise an issue as to whether or not the carelessness of appellant's workmen in remodeling the building resulted in unnecessary injury to appellee's plant, and the cause should be remanded for determination of that question.

Accordingly, the judgment must be reversed and the cause remanded for another trial.